Martha Sheehy
SHEEHY LAW FIRM
P. O. Box 584
Billings, Montana 59103-0584
Telephone: (406) 252-2004
Fax: (866) 477-5953
msheehy@sheehylawfirm.com

Kyle A. Gray
HOLLAND & HART LLP
401 N. 31st St., Suite 1500
Billings MT 59101
406-252-2166
kgray@hollandhart.com

Attorneys for Plaintiff
Stillwater Mining Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| STILLWATER MINING COMPANY, | Cause CV-21-04-BLG-SPW-TWC |
| Plaintiff, | |
| -vs- | |
| AIG CLAIMS, INC; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; ACE AMERICAN INSURANCE COMPANY; AND QBE INSURANCE CORPORATION, | **BRIEF IN SUPPORT OF MOTION FOR REMAND** |
| Defendants. | |

**INTRODUCTION**

Plaintiff Stillwater Mining Company ("Stillwater") properly asserted state law claims against all Defendants in state court.  Defendants improperly removed this state court action to federal court on a single legal basis: fraudulent joinder of a single defendant, AIG Claims, Inc. ("AIG").  Defendants do not contest the existence of state court jurisdiction.  Defendants do not assert a basis for federal jurisdiction other than diversity.

In the Notice of Removal, Defendants have placed only one issue before this Court: whether Stillwater fraudulently joined AIG as a party to the state court action.[1]  Based on controlling precedent of the Montana Supreme Court, Stillwater brought viable actions in state court against all the defendants, including AIG. Because complete diversity does not exist, the federal court has no jurisdiction to hear this matter, and must remand to state court.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal district courts have original jurisdiction

---

[1] Defendants specifically do not assert fraud in Stillwater's assertion of jurisdictional facts.  Dkt. 1, fn. 1.

in actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

An exception to the complete diversity requirement exists when a defendant has been "fraudulently joined" to defeat diversity jurisdiction.  Because there is a "general presumption against fraudulent joinder," Defendants bear a "heavy burden" when invoking the doctrine.  *Weeping Hollow Ave Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) *(citing Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ).  The Ninth Circuit Court has recognized that "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chemical Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007).

The "heavy burden" requires Defendants to show, by clear and convincing evidence, that "an individual joined in the action cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotations and citations omitted).  Indeed, if there is a "possibility" that a state court would find that the complaint states a viable cause of action against the non-diverse defendant, the federal court must find that joinder was proper and remand the case to the state court.  *Id.*

## ARGUMENT

## I.   DEFENDANTS' ATTEMPT TO REMOVE IS PREMISED ON AN INCORRECT LEGAL STANDARD.

Defendants seek removal based on a completely inappropriate standard. Defendants assert that "a removing party can establish fraudulent joinder if **the plaintiff** 'fails to establish a cause of action against the non-diverse party in state court.'" (Notice, Dkt. 1, ¶ 15, emphasis added).  Defendants, not Plaintiff, bear the heavy burden of establishing the basis for removal.  In fact, "it is to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377.  The presumption against federal jurisdiction "means that the defendant **always** has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (*emphasis added*).

Contrary to Defendants' assertion, Plaintiff is not required to establish a cause of action against AIG.  Just the opposite, removal is only proper if Defendants establish, by clear and convincing evidence, that there is **no possibility** that AIG could be liable on any claim. *Grancare,* 889 F.3d at 548.  Defendants have failed to correctly identify their burden, and have certainly failed to meet that burden.

## II.   STILLWATER DID NOT FRAUDULENTLY JOIN AIG.

Original jurisdiction under 28 U.S.C. § 1332 is only vested in this Court if **complete** diversity is present.  In this case, complete diversity does not exist between Plaintiff Stillwater and Defendant AIG, both citizens of Delaware.  In their Notice of Removal, Defendants impliedly concede that Plaintiff Stillwater and AIG are not of diverse citizenship.  In other pleadings, Defendants expressly concede that Stillwater and AIG are both citizens of Delaware.  (Dkt. 5, p. 13, electronic page 18).  Defendants base their attempt to invoke this Court's jurisdiction entirely on the allegation that AIG was fraudulently joined, and should therefore be "disregarded."  (Dkt. 1, ¶ 18).

Stillwater alleges – and AIG does not dispute in the Notice – that AIG "is the authorized representative for National Union . . . and the entity which handled and adjusted Stillwater's claim on behalf of National Union."   (Ex. 1, Complaint, ¶ 2; Notice, Dkt. 1, ¶ 16).  Stillwater brings three claims against AIG and National Union: breach of the duty to defend (Count I); breach of contract, including breach of the implied covenant of good faith and fair dealing, *aka* "bad faith," (Count III); and violation of the Unfair Trade Practices Act ("UTPA") (Count IV).  If a mere possibility of a viable claim against AIG exists on any one of these claims, the joinder is not fraudulent.  *Grancare, LLC,* 889 F.3d at 548.

Much more than a possibility exists here, because the Montana Supreme Court has specifically endorsed the viability of a claim for violations of the UTPA against AIG.  In *O'Fallon v. Farmers Ins. Exchange,* 260 Mont. 233, 859 P.2d 1008 (1993), the Montana Supreme Court addressed the viability of direct actions against claims adjusters after the enactment of § 33-18-242.  The Court noted that while the UTPA provides that no "person" may engage in the claims handling practices prohibited by the UTPA, "person" is defined broadly.  *See* § 33-18-202(3), MCA.  Reviewing the statutory text, the Supreme Court concluded that "nothing in the title of bill, nor in the text of the newly created statute, suggested that the bill would limit the parties against whom the common law claim established by *Klaudt* could be brought."  *Id.* at 244, 859 P.2d at 1015.  In addition, the Court held that "[n]either is there anything in the bill's legislative history to suggest that that was the Legislature's intent."  Based on this analysis, the Montana Supreme Court held that a claimant may assert a direct cause of action against an adjuster under the common law for violations of § 33-18-201, *i.e.*, the UTPA.  *Id.*

Plaintiff has done exactly that, alleging a well-recognized claim of violations of the UTPA by AIG, asserted against AIG as an adjuster.  Stillwater alleges in its Complaint that AIG "handled and adjusted Stillwater's claim on behalf of National Union."  (Ex. 1, Complaint, ¶ 2).  Stillwater alleges bad faith, asserting that AIG,

along with the other Defendants, violated the implied covenant of good faith and fair dealing.  (Ex. 1, Complaint, ¶ 76).  Stillwater further pleads that AIG and the insurers "[failed] to conduct themselves with honesty in fact and [failed] to observe reasonable commercial standards of fair dealing in the trade."  (Ex. 1, Complaint, ¶ 76).  Stillwater also asserts that AIG violated many provisions of the UTPA.  (Ex. 1, Complaint, ¶¶ 82-87).

Even more specifically, in the Complaint Plaintiff differentiates the UTPA-based claim asserted against AIG from the UTPA-based claim asserted against the insurers, and explicitly identifies the claim against AIG as one brought pursuant to *O'Fallon*:

> 80.    As Plaintiff's insurers, Defendants must act in accordance with the Montana Unfair Trade Practices Act, § 33-18-201, et seq., MCA ("the UTPA").  Defendant AIG, which acted as National Union's representative and adjusted the claim, must act in accordance with the UTPA.  *O'Fallon v. Farmers Ins. Exchange,* 260 Mont. 233, 244-45, 859 P.2d 1008, 1[0]15 (1993); *DeBruycker v. Guaranty National Ins. Co.,* 266 Mont. 294, 301, 880 P.2d 819, 823 (1994).

*O'Fallon* establishes that a claimant may assert a UTPA claim against an adjuster that has "engage[d] in the unfair trade practices set forth in the [UTPA]," and in the Complaint, Stillwater pled just such an "*O'Fallon* claim" against AIG for engaging in a series of actions and inactions prohibited by the UTPA.  *O'Fallon*, 260 Mont. 233, 144-45, 859 P.2d at 1015; Ex. 1, Complaint, ¶¶ 80-88.

-7-

Numerous decisions of the federal district court of Montana establish that Stillwater's claim against AIG deprives this Court of jurisdiction because complete diversity of citizenship does not exist.  In *Hochhalter Inc. v. Diamond State Ins. Co.,* 2017 WL 5710461 (D. Mont. Nov. 8, 2017, unpublished), this Court addressed this exact issue.  In that case, plaintiff brought a bad faith action against Diamond State Insurance and Montana Claims, an adjusting company which provided fact gathering services for Diamond.  *Id.* at *4.  The presence of Montana Claims as a defendant in the suit defeated diversity of citizenship.  Defendants sought to remove, arguing that Montana Claims was a sham defendant because the UTPA only applies to insurers.  *Id.*  This Court remanded to state court, holding that "[b]ecause Montana law recognizes that claims adjusters can be liable under the UTPA, Plaintiff has not failed obviously to state a cause of action against Montana Claims."  *Id.*  Accordingly, this Court did not have diversity jurisdiction over the action, and was required to remand the action to state court.  *Id.* at *5.

In *Hochhalter*, this Court observed that "courts in this district have likewise held that bad faith claims may be brought against claims adjusters."  *Id.* at *4.  In *Soanes v. Carolina Cas. Ins. Co.,* 2010 WL 5607045 (D. Mont. Nov. 10, 2010), Carolina Casualty made the same argument made by Diamond in *Hochhalter* and made by National Union here – that the non-diverse adjuster company was a sham

defendant who could not be held liable under the UTPA because it was not an insurer.  Citing *O'Fallon*, the court in *Soanes* rejected the argument, holding that "[s]uch claims against an adjuster have long been recognized under Montana law." *Id.* at *2.  Similarly, in *Leaphart v. National Union Fire Ins. Co. of Pittsburg, PA,* 2016 WL 81234, **2-3 (D. Mont. Jan. 7, 2016), the Montana federal court remanded a bad faith action to state court upon finding that the settled law of Montana does not prohibit a cause of action for violations of the UTPA against an adjuster.

Stillwater has pled a viable "*O'Fallon* claim" against AIG.  Diversity of citizenship does not exist between Stillwater and AIG, and this Court has no jurisdiction over Stillwater's purely state law claims against these Defendants because complete diversity is lacking.  Remand is required.

## III.   PLAINTIFF'S MOTION TO REMAND MUST BE RESOLVED PRIOR TO UNDERTAKING ANY OTHER ACTION ON THIS CASE.

Plaintiff's Complaint, on its face, does not come within the diversity jurisdiction of this Court.  Nevertheless, Defendants improperly invoked this Court's jurisdiction by removal, and then immediately moved to stay this litigation indefinitely pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  (Dkt. 4-6).  When confronted with a motion to remand and other motions simultaneously, the established practice is to rule on the

motion to remand before addressing other motions. *In re Bear River Drainage District,* 267 F.2d 849, 851 (10th Cir. 1959). *See also Harden v. Field Memorial Community Hospital*, 516 F.Supp.2d 600, 605 (S.D. Miss. 2007).

Indeed, since 1804, the United States Supreme Court has required that "jurisdiction be established as a threshold matter," a rule that "springs from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998). While a district court may consider other jurisdictional grounds first to decline hearing a case, such as personal jurisdiction, "in most instances, subject matter jurisdiction will involve no arduous inquiry," and the federal court is compelled to dispose of subject-matter jurisdiction first. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-588 (1999).

The Ninth Circuit enforces the strict rule that a federal court should not rule on any issue before establishing federal jurisdiction. In *Ingram v. Burrage*, 2006 WL 372361 (9th Cir. 2006, unpublished), wrongful removal was remedied by remanding the case to state court "in the form it was at the time of removal," vacating orders entered by the federal court.

"Jurisdiction is power to declare the law," and "without jurisdiction the court cannot proceed at all in any cause." *Steel*, 523 U.S. at 94. This Court must resolve

the threshold issue of whether federal jurisdiction exists – which it does not – prior to any exercise of that disputed jurisdiction.

## IV.   PLAINTIFF IS ENTITLED TO ATTORNEY FEES AND COSTS.

Section 28 U.S.C. § 1447( c ) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Whether fees should be awarded depends on the reasonableness of the Defendants' attempt at removal.  *Hochhalter* at *5; *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).  Fees may be awarded within the discretion of the court when, as here, "the removing party lacked an objectively reasonable basis for seeking removal."  *Id.*  As stated by the Ninth Circuit, "[t]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable."  *Grancare*, 889 F.3d at 552.

In this case, crystal clear legal authority supports Stillwater's claim against AIG and defeats federal jurisdiction.  *O'Fallon* establishes that Stillwater asserts a viable cause of action against the adjuster, AIG, for violations of the UTPA.  Not only is *O'Fallon* controlling precedent, but the Montana Supreme Court reaffirmed its ruling in *DeBruycker v. Guaranty National Ins. Co.*, 266 Mont. 294, 301, 880 P.2d 819, 823 (1994).  Another division of this Court has recognized the well-

-11-

established nature of *O'Fallon*, noting that "courts in this district have consistently held that Montan law allows a common law bad faith claim against an adjuster who violates § 33-18-201." *Moe v. GEICO Indemnity Company*, 2020 WL 4487337, *3 (D. Mont. Feb. 26, 2020) (*citations omitted*).  Stillwater specifically delineated its claim against AIG as one made pursuant to *O'Fallon*.  Moreover, this Court has repeatedly applied *O'Fallon* to the question of "fraudulent joinder," and ruled that a claim against an adjuster is viable under Montana law, and that such a claim mandates removal if the claim defeats diversity.  *See Hochhalter; Soanes;* and *Leaphart.*

This Court denied a request for fees in *Hochhalter*, holding that the defendant's removal attempt was not "objectively unreasonable."  The same is not true here, where Defendants are guided by the holding in *O'Fallon*, deemed "consistent" in *Moe,* and by this Court's careful resolution of this exact issue in *Hochhalter.*  Given the pleadings and the case law  – all of which defeat removal – Defendants lack an objectively reasonable basis for seeking removal.  Complete diversity does not exist, and that fact is readily apparent on the face of Plaintiff's Complaint.  Stillwater requests that this Court exercise its discretion to award fees and costs to Stillwater.

Dated this 29th day of January, 2020.

SHEEHY LAW FIRM
By:   /s/Martha Sheehy

P.O. Box 584
Billings MT 59103

HOLLAND & HART LLP
By:   /s/Kyle A. Gray

401 N. 31st St., Suite 1500
Billings MT 59101

*Attorneys for Plaintiff Stillwater Mining Company*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(A), this Brief is printed with proportionately-spaced Times New Roman text typeface of 14 points; is double-spaced; and the document (exclusive of tables and certificates) contains 2,467 words, calculated by WordPerfect X6.  This brief complies with the word limit provided of 6,500 words for briefs in Local Rule 7.1(d)(2).

By    /s/Martha Sheehy