Angelo G. Savino (*Pro Hac Vice*)
Laure B. Dowgin (*Pro Hac Vice*)
COZEN O'CONNOR
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, NY 10007
212-509-9400 – telephone
212-509-9492 – fax
asavino@cozen.com
ldowgin@cozen.com

Elizabeth W. Lund
Berg Lilly, PC
1 West Main Street
Bozeman, MT 59715
406-587-3181 – telephone
406-587-3240 – fax
lund@berglawfirm.com

*Attorneys for ACE American Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STILLWATER MINING COMPANY, | CV 21-4-SPW-TJC |
| Plaintiff, | |
| vs. | **ACE AMERICAN INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** |
| AIG CLAIMS, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; ACE AMERICAN INSURANCE COMPANY; AND QBE INSURANCE CORPORATION, | |
| Defendants. | |

1

## INTRODUCTION

Defendant ACE American Insurance Company ("ACE") opposes Plaintiff Stillwater Mining Company's ("Stillwater") Motion for Remand to State Court ("Motion to Remand") (Doc. 13). This is an insurance coverage action wherein Stillwater seeks coverage from a tower of Directors & Officers ("D&O") insurance for an underlying Delaware statutory appraisal action under 8 *Del C.* §262. Stillwater's Motion to Remand should be denied because AIG Claims, Inc. ("AIG Claims"), the only non-diverse defendant, was fraudulently joined to this second-filed action (as demonstrated by the fact that Stillwater chose not to name AIG Claims as a defendant in its first-filed action in Delaware).

The essential issue in this case is whether a Delaware appraisal action is a "Securities Claim" as that term is defined by the insurance policies, such that the insurer-defendants could potentially owe coverage to Stillwater. AIG Claims is not an insurer and did not issue any insurance policy, and therefore cannot be liable to Stillwater under any contract-based theory. More importantly, however, the Delaware Supreme Court has already analyzed the nature of appraisal actions under this Delaware statute, conclusively decided that such an action is solely to determine fair market value, does not involve any "violation of law" or assessment of wrongdoing, and, therefore, is not a "Securities Claim" as a matter of law. Thus, Stillwater has no claim against AIG Claims. Because there is no valid claim

stated against AIG Claims, it was fraudulently joined simply to defeat diversity and its presence in this action should be ignored for purposes of determining jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

ACE incorporates by reference solely the background section of the Memorandum of Law submitted by co-defendants AIG Claims, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and QBE. For the sake of brevity, ACE does not reiterate those facts or procedural history in this brief.

## LEGAL ARGUMENT

### 1. Legal Standard

The basis for defendants' removal in this case is diversity jurisdiction. Pursuant to 28 U.S.C. §1332(a), federal district courts have original jurisdiction if there is complete diversity among the parties and if the amount in controversy is at least $75,000. In determining whether there is complete diversity, courts disregard defendants that are fraudulently joined. *Staley v. BNSF Ry. Co.*, No. CV 14-136-BLG-SPW, 2015 WL 860802, at *9 (D. Mont. Feb. 27, 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* Fraudulent joinder occurs when "a plaintiff has no

possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action." *Id.* "The defendant bears the burden of showing fraudulent joinder by clear and convincing evidence." *Id.* The defendant may present evidence to show fraudulent joinder, and the inquiry is akin to an analysis made in a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Id.*

ACE can meet its burden of showing fraudulent joinder by demonstrating that Stillwater has not stated a valid claim against AIG Claims as a matter of law.

### 2. AIG Claims is an Improper Defendant Because it is not in Contractual Privity with Stillwater.

Stillwater's claims against AIG Claims for breach of the duty to defend and breach of contract fail as a matter of law because it is undisputed that AIG Claims did not issue any insurance policy to Stillwater. AIG Claims is not party to National Union's insurance contract with Stillwater and owes no duty under it. Dkt.1-1, at 8. It is well settled that "[a]ssertion of a claim for breach of contract requires privity of contract between plaintiff and defendant." *Pfau v. Mortenson*, 858 F. Supp. 2d 1150, 1159 (D. Mont. 2012), *aff'd*, 542 F. App'x 557 (9th Cir. 2013); Mont. Code Ann. § 28-2-102 ("It is essential to the existence of a contract that there be: (1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration."). The contract-based claims against AIG Claims fail as a matter of law.

### 3. AIG Claims is an Improper Defendant Because Stillwater Cannot Maintain Any Valid Cause of Action Against it.

Even if AIG Claims had issued an insurance policy to Stillwater, none of the causes of action in this case, whether sounding in contract or tort, withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. There is no valid claim stated against AIG Claims, and therefore its presence in this case does not defeat diversity jurisdiction. *See Staley, supra*.

Stillwater is seeking insurance coverage from AIG Claims (and all other defendants) under the tower of D&O insurance for the attorneys' fees and other costs it incurred in defending a Delaware appraisal action. Dkt.1-4, at ¶¶ 52-78. Stillwater agrees that the insurance policies only afford coverage for "Loss of any Organization arising from any Securities Claim made against such Organization for any Wrongful Act of such Organization." Dkt.1-4, at ¶ 39. The term "Securities Claim" is defined to mean a claim "alleging a violation of any law, rule or regulation, whether statutory or common law…" *Id.* at ¶ 41. Thus, the central and dispositive issue to be decided in this case is whether a Delaware Section 262 appraisal action is a claim "for a violation of any law, rule or regulation."

It is entirely irrelevant whether Montana law or Delaware law governs the interpretation of the policy terms because this case is about interpretation of the Delaware statute, not the insurance policies. The critical issue here is the nature of a Delaware Section 262 appraisal action and whether it is for any violation of law

5

sufficient to be considered a Securities Claim as defined in the Policy. The Delaware Supreme Court has recently answered this question and held that an appraisal action is not a Securities Claim as a matter of law. In *In re Solera Ins. Coverage Appeals*, 240 A.3d 1121 (Del. 2020), Delaware's highest court held:

> We agree that the Appraisal Action is not a Securities Claim because it does not involve a "violation." We believe, as explained below, that this conclusion is compelled by the plain meaning of the word "violation," which involves some element of wrongdoing, even if done with an innocent state of mind. It is also compelled by section 262's historical background, its text, and by a long, unbroken line of cases that hold that an appraisal under section 262 is a remedy that does not involve a determination of wrongdoing. Rather, it is a remedy limited to the determination of the fair value of the dissenters' shares as of the effective date of the merger or consolidation.

*Solera* at 1132.

Before this case was filed in Montana, Stillwater filed it in Delaware. Dkt. 5-2. During the pendency of Stillwater's Delaware case, the *Solera* decision was issued. Stillwater is now seeking to run away from Delaware in the hopes that a Montana court will interpret this Delaware statute differently, and has added AIG Claims as a defendant solely to defeat diversity jurisdiction. The *Solera* decision conclusively forecloses any claim to coverage under the policies at issue, whether that claim is before a Delaware or Montana court and regardless of which State's law might apply to the insurance policies. The issue is whether a Section 262 appraisal action involves a violation of law, and that question has already been answered definitively by the Delaware Supreme Court. Because there is no valid

claim against AIG Claims for coverage for an appraisal action, AIG Claims is not a proper party to this case.

Stillwater also alleges that AIG Claims (and all other defendants) violated Montana's Unfair Trade Practices Act ("UTPA") entitling it to punitive damages and attorneys' fees. *Id.* at ¶¶ 79-92. If there is no coverage under an insurance policy, however, there can be no valid claim for a UTPA violation. *See Baadsgaard v. Safeco Ins. Co. of Illinois*, No. CV 19-75-GF-BMM-JTJ, 2020 WL 6273405, at *7 (D. Mont. Sept. 21, 2020) ("Plaintiffs' [UTPA] claims fail as a matter of law if Dennis's injuries are not covered under Safeco's auto policy."); *EOTT Energy Operating Ltd. P'ship v. Certain Underwriters at Lloyd's of London*, 59 F. Supp. 2d 1072, 1076 (D. Mont. 1999) ("[W]here there is no coverage, there is no bad faith."). Accordingly, Stillwater has also failed to state a valid claim for a violation of the UTPA or for attorneys' fees against AIG Claims.

In addition, this Court should reject Stillwater's request for attorney's fees. Such an award is only permissible under 28 U.S.C. § 14479(c) as part of an order remanding the case. Because, as demonstrated above, this case should not be remanded, Stillwater's request for fees should be denied.

Even if the Court determines to remand this case, it should deny the fee request because removal was objectively reasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Moreover, this Court has denied such

7

fee request when the argument in favor of removal was reasonable. *LeDoux v. BNSF Ry. Co.*, 2017 WL 3750203, at *5 (D. Mont. Aug. 15, 2017); *Sage Fin. Properties, LLC v. Fireman's Fund Ins. Co.*, 2019 WL 2397656, at *2 (D. Mont. May 21, 2019).

## CONCLUSION

For the reasons set forth herein, this Court should deny Stillwater's Motion to Remand.

DATED this 26th day of February, 2021.

| COZEN O'CONNOR | BERG LILLY, PC |
|---|---|
| By /s/ Angelo G. Savio | By /s/ Elizabeth W. Lund |
| ANGELO G. SAVIO | ELIZABETH W. LUND |

*Attorneys for Defendant ACE American Insurance Company*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word length limits of Local Rule 7.1(d)(2), United States District Court for the District of Montana, and contains 1,559 words according to the word count function of Microsoft Office, excluding the caption, certificate of compliance, table of contents and authorities, exhibit index, and certificate of service.

DATED this 26th day of February, 2021.

 /s/ Elizabeth W. Lund
 Elizabeth W. Lund