IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STILLWATER MINING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AIG CLAIMS, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; ACE AMERICAN INSURANCE COMPANY; and QBE INSURANCE CORPORATION,<br><br>Defendants. | CV 21-4-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This action was originally brought by Plaintiff Stillwater Mining Company ("Stillwater") in the Montana Twenty-Second Judicial District Court, Stillwater County. (Doc. 30.) On January 11, 2021, Defendants National Union Fire Insurance Company of Pittsburgh, Pa., ACE American Insurance Company, and QBE Insurance Corporation ("Defendants") timely removed, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and 1441.[1] (Doc. 1.)

Presently before the Court is Stillwater's Motion for Remand.[2] (Doc. 13.)

---

[1] Defendant AIG Claims, Inc. ("AIG") also consented to removal. (Doc. 1 at ¶ 20.)

[2] Defendants have also filed a Motion to Stay. (Doc. 4.) Briefing on that motion, however, was suspended pending resolution of the Motion to Remand. (Doc. 17.)

1

The motion is fully briefed and ripe for the Court's review. (Docs. 20, 21, 22.)

Having considered the parties' submissions, the Court finds diversity jurisdiction is lacking, and therefore, **RECOMMENDS** Stillwater's Motion for Remand be **GRANTED**, as set forth below.

## I.   BACKGROUND

In 2017, Stillwater was acquired by and merged into an affiliate of Sibanye Gold Limited ("Sibanye"), a South African mining company. As part of the merger, Sibanye acquired all shares of Stillwater stock for $18.00 per share. Prior to the closing of the merger, certain stockholders of Stillwater demanded appraisal of their shares under Delaware law. Following closure of the merger, the stockholders filed multiple appraisal lawsuits in Delaware Chancery Court (the "Appraisal Action"). The stockholders claimed the merger price was inadequate, and alleged Stillwater's Board and CEO breached their duties to obtain a fair value, among other theories. In August 2018, Stillwater settled with some of the stockholders, and proceeded to trial with others. Ultimately, the Chancery Court ruled in favor of Stillwater on the fair value of the shares, but determined Stillwater owed statutory interest to the shareholders.

---

Because the Court finds this action should be remanded, the Court will recommend Defendants' Motion to Stay be denied as moot, and the matter deferred to the state court along with the rest of this case.

At the time, Stillwater had directors' and officers' liability policies with Defendants. Stillwater requested reimbursement of defense costs incurred and interest payments made in connection with the Appraisal Action from Defendants under the policies. Defendants denied any duty to defend or indemnify on grounds that there was no coverage under the terms of the policies. AIG was the authorized representative for National Union, and was the entity that handled and adjusted Stillwater's claim.

On December 21, 2020, Stillwater filed the instant action in the Montana Twenty-Second Judicial District Court, Stillwater County, Cause No. DV 20-117.[3] (Doc. 39.) Stillwater asserts claims against Defendants for breach of the duty to defend, breach of contract, and violation of the Unfair Trade Practices Act, Mont. Code Ann. §§ 33-18-201, et seq. (the "UTPA"). (Doc. 30.)

---

[3] In April 2020, National Union filed an action against Stillwater in Delaware Superior Court, seeking a declaration that the National Union policy did not provide insurance coverage for defense expenses and statutory interest resulting from the Appraisal Action. (Doc. 5-1.) Subsequently, Stillwater filed a complaint in Delaware Superior Court against National Union, ACE, QBE, and other excess insurers seeking declaratory judgment that the insurers had a duty to indemnify Stillwater for defense costs and interest associated with the Appraisal Action. (Doc. 5-2.) In August 2020, the Delaware Superior Court consolidated the two cases for all purposes. (Doc. 5-5.) During the pendency of the consolidated Delaware action, the Delaware Supreme Court issued a decision in an unrelated case, *In re Solera Ins. Coverage Appeals*, 240 A.3d 1121, 1123 (Del. 2020), that Defendants argue fatally undermine Stillwater's claims. The Court declines Defendants' invitation to adjudicate the merits of Stillwater's claims under *Solera* in assessing this preliminary jurisdictional issue.

On January 11, 2021, Defendants removed the action to this Court. (Doc. 1.)

## II. DISCUSSION

Stillwater argues this action must be remanded to state court because both Stillwater and AIG are Delaware citizens, and therefore, complete diversity does not exist. Stillwater asserts it has stated a viable claim against AIG, and AIG is properly joined in this action. Stillwater further argues it is entitled to attorney's fees and costs incurred as a result of the removal because Defendants lacked an objectively reasonable basis for seeking removal. In response, Defendants contend AIG was fraudulently joined in this action, and therefore its presence should be ignored for purposes of determining diversity jurisdiction.

### A. Legal Standards

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of civil actions from state court is permitted only when the federal court has original jurisdiction over the action, and removal is not otherwise expressly prohibited by statute. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in

actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

The removal statute is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted). The presumption against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts about federal jurisdiction should be resolved in favor of remand. *Id.*

Subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* A defendant is considered fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If a defendant is deemed fraudulently

joined, "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Because there is a "general presumption against fraudulent joinder," a defendant invoking the fraudulent joinder exception bears a "heavy burden." *Weeping Hollow Ave Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The defendant is entitled to present facts showing the joinder is fraudulent. *McCabe*, 811 F.2d at 1339. Any doubts "concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand [citation], and a lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). *See also Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998) ("The district court . . . must resolve all disputed questions of fact in favor of the Plaintiff.").

Merely showing an action is likely to be dismissed is insufficient. *Diaz v. Allstate Ins.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). The defendant must "demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good*, 5

F.Supp.2d at 807. "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citing *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). *See also Staley v. BNSF Ry. Co.*, 2015 WL 860802, *3 (D. Mont. Feb. 27, 2015) ("Fraudulent joinder only occurs when 'a plaintiff has no possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action.'").

      B.     **Whether AIG Was Fraudulently Joined**

Here, both Stillwater and AIG are citizens of Delaware. Therefore, AIG's presence in this lawsuit destroys diversity jurisdiction, and remand is required, unless Defendants establish AIG was fraudulently joined. Defendants assert that Stillwater cannot state a valid claim against AIG. Defendants assert Delaware law applies and Stillwater has not articulated any theory of liability against AIG under Delaware law.

The Court declines to engage in a choice of law analysis at this preliminary stage. "A federal court cannot engage in a choice of law analysis where diversity jurisdiction is not first established." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 33 n.10 (3rd Cir. 1985). Thus, it is generally improper for a court to wade into

7

a difficult choice of law analysis at the fraudulent joinder stage. *Balberdi v. Lewis*, 2013 WL 1296286, *3 (D. Haw. March 8, 2013) (explaining that "engaging in a choice of law analysis at this preliminary stage without jurisdiction having been established will result in a premature inquiry into the merits[].") Rather, district courts "should instead apply the body of law suggested by the plaintiff, so long as that choice of law is itself colorable." *Id.* at *3 (citing *Moore v. Johnson & Johnson*, 2012 WL 5363123 (E.D. Pa. Nov. 1, 2012)). *See also Silas v. Dignity Health*, 2020 WL 7056289, *2 (C.D. Cal. Dec. 2, 2020) (declining "to engage in a complicated choice-of-law analysis" in determining whether a non-diverse defendant had been fraudulently joined).

Here, there is a colorable basis for Stillwater's suggested choice of Montana law. Stillwater argues that its claims are grounded in tort, and are therefore subject to the state that has the most significant relationship to the cause of action. Stillwater maintains that Montana has the most significant relationship to its claims because its injuries occurred in Montana. Stillwater also asserts Montana is where it conducts its mining business, where the policy was issued, where it prepared and sent its demand letter, and received AIG's response denying any duty to defend or indemnify.

Defendants, on the other hand, argue that a "place of performance" analysis applies to Stillwater's contract claims, and the actual place of performance was

Delaware. Defendants assert the underlying merger transaction was governed by Delaware law, the Appraisal Action arose under Delaware law and was litigated in Delaware, and any defense Stillwater would have received would have occurred in Delaware.

As the parties' briefing demonstrates, the question of whether Montana or Delaware law should apply is a fairly debatable question, and Stillwater has presented a colorable choice of law analysis. (*See e.g.* Doc. 21 at 18-23 and Doc. 22 at 9-14.) The Court cautions, however, that it is not reaching a determination of whether Montana or Delaware law should ultimately apply under a full choice of law analysis. Rather, the Court finds that the choice of law question is fairly debatable, and therefore, there is a possibility that Montana law applies. *See e.g. Balberdi*, 2013 WL 1296286 at *4 (noting that "all that is needed to escape application of the fraudulent joinder rule is the possibility that Hawaii law controls"); *Pinnoak Res., LLC v. Certain Underwriters at Lloyd's, London*, 394 F. Supp. 2d 821, 826 (S.D.W. Va. 2005) ("Since the choice of law rules do not point clearly to application of Pennsylvania law, there is, at a minimum, the possibility that West Virginia law will be deemed controlling. Once again, this possibility is all that is required to defeat a claim of fraudulent joinder.").

Alternatively, Defendants contend that even if Montana law applies, Stillwater does not have a contractual claim against AIG since AIG is not a party to

any contract with Stillwater.  Defendants further assert Stillwater's UTPA claim against AIG fails as a matter of law because it is inadequately pled and there is no coverage under the policies.

The Court finds Stillwater has asserted a possible claim against AIG.  Stillwater correctly points out that UTPA claims against insurance adjusters have long been held viable by the Montana Supreme Court, and have been routinely recognized by federal courts in this District.

The UTPA provides that no "person" may engage in certain prohibited conduct relating to insurance claims handling.  Mont. Code Ann. § 33-18-201.  The UTPA defines "person" broadly as "an individual, insurer, company, association, organization, Lloyd's society, reciprocal or interinsurance exchange, partnership, syndicate, business trust, corporation, or any other legal entity."  Mont. Code Ann. § 33-1-202(3).  In *O'Fallon v. Farmers Ins. Exch.*, the Montana Supreme Court expressly held that "[i]t is clear from the language of § 33-18-201, MCA, that *not just insurers, but also claims adjusters*, are prohibited from engaging in the acts that are prohibited."  *O'Fallon v. Farmers Ins. Exch.*, 260 Mont. 233, 243 (Mont. 1993) (emphasis added).  The Court noted that § 33-18-242, which provides a statutory cause of action against insurers, does not limit the parties against whom a common law claim for violation of §33-18-201 can be brought.  *Id.* at 244.  The Court explained that "individuals, as well as insurers, are prohibited from engaging

in the unfair trade practices set forth in § 33-18-201, MCA, and that when an individual breaches the obligations imposed by that statute, the claimant who is damaged by that breach has a common law cause of action against that individual." *Id.*

Courts in this district have likewise held that bad faith claims may be brought against claims adjusters.  For example, in *Leaphart v. Nat'l Union Fire Ins. Co. of Pittsburg,* the plaintiff brought a bad faith insurance practices claim against an insurer and its adjuster in state court.  *Leaphart v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 2016 WL 81234 (D. Mont. Jan. 7, 2016).  The action was removed to federal court based on diversity jurisdiction.  *Id.* at *1.  The insurer there made a similar argument to Defendants' argument here – that the non-diverse adjuster was a sham defendant who could not be liable under the UTPA because the plaintiff failed to allege facts to show the adjuster's conduct represented a general business practice.  *Id.* at *2.  The Court rejected the argument, noting that "Montana courts have recognized claims under § 33-18-201 can be brought against claim adjusters, not just insurers."  *Id.* (citing *O'Fallon*, 260 Mont. at 243).  The Court further found the complaint sufficiently alleged the adjuster's conduct occurred as a general business practice.  *Id.* at *3.  The Court explained that a plaintiff "can establish that violations indicate a general business practice by showing that multiple violations occurred in one claim or violations occurred by

11

the same company in different claims." *Id.* Therefore, the Court found remand was required under the forum defendant rule. *Id. See also Hochhalter Inc. v. Diamond State Ins. Co.*, 2017 WL 5710461, *4 (D. Mont. Nov. 8, 2017) *adopted by* 2017 WL 5712099 (D. Mont. Nov. 27, 2017) ("Because Montana law recognizes that claims adjusters can be liable under the UTPA, Plaintiff has not failed obviously to state a cause of action against Montana Claims. [] As such, Diamond State has not met its burden to show by clear and convincing evidence that Montana Claims was fraudulently joined."); *Soanes v. Carolina Cas. Ins. Co.*, 2010 WL 5607045 (D. Mont. Nov. 10, 2010) (same).

Here, Stillwater's Complaint alleges that AIG is the authorized representative for National Union and is the entity which handled and adjusted Stillwater's claim on behalf of National Union. (Doc. 30 at ¶¶ 2, 80.) The Complaint further alleges that AIG violated the UTPA in numerous ways. (*See id.* at ¶ 81-86.) Because Montana law recognizes that claims adjusters can be liable under the UTPA, and because Stillwater has alleged multiple violations indicating a general business practice, Stillwater has not failed obviously to state a cause of action against AIG. *McCabe*, 811 F.2d at 1339. Defendants, therefore, have not met their burden to show by clear and convincing evidence that AIG was fraudulently joined.

12

Accordingly, the Court does not have diversity jurisdiction over this action, and the case must be remanded to state court. The Court notes that this finding does not mean Stillwater has stated a claim against AIG that can survive a motion to dismiss. Nor does this Court's determination preclude the Montana state court from finding Stillwater has failed to state a claim under the State's standard for motions to dismiss. The Court's ruling only finds that under the deferential standard the Court must apply when considering fraudulent joinder, the Court cannot find there is no possibility that Stillwater has a claim against AIG. *See Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court.").

### C.     Attorney's Fees and Costs

Stillwater argues Defendants lacked an objectively reasonable basis for removal, and therefore, requests that the Court direct an award of attorney's fees and costs associated with the motion to remand. 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether fees should be awarded turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In *Martin*,

the Supreme Court held "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The Court, in its discretion, recommends that Stillwater not be awarded attorney's fees and costs in this matter. While the Court did not ultimately find them persuasive, there are facts and circumstances present in this action which at least arguably distinguish this case from others in this district where remand has been ordered with the same issue presented here. Therefore, although the Court has determined the case must be remanded for lack of diversity jurisdiction, the Court does not find the removal was objectively unreasonable.

### III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that:

1. Stillwater's Motion for Remand (Doc. 13) be **GRANTED**;
2. Defendants' Motion to Stay (Doc. 4) be **DENIED as moot**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 6th day of July, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge